24114

John C. DOYLE and Jennifer G. Doyle, Appellants v. UNITED STATES
FIDELITY AND GUARANTY COMPANY, Respondent.

(447 S.E. (2d) 192)

Supreme Court

*Stephen Bucher*, of *Bucher Firm, P.C.*, Charleston, *for appellants.*

*Andrew S. Halio*, Charleston, *for respondent.*

Heard June 7, 1994.

Decided July 5, 1994.

HARWELL, Chief Justice:

John C. Doyle (Husband) and Jennifer G. Doyle (Wife) argue that the trial judge erred in ruling that the South Carolina Workers' Compensation Commission (Commission) has exclusive jurisdiction to determine Husband's share of settlement proceeds obtained from a third party. We agree and reverse.

## I. *FACTS*
Wife was injured in the course of her employment with Evening Post Publishing Company (Employer) when she leaped from a porch to avoid an attacking dog. Employer's workers' compensation carrier, United States Fidelity and Guaranty Company (USF&G), accepted liability and as of January 11, 1993, has paid benefits to Wife of $60,000.

USF&G, Wife, and Husband agreed to a $98,000 settlement

from the owner of the dog with approval from the Commission in accordance with S.C. Code Ann. § 42-1-560(e) (1985).[1] USF&G and the Doyles, however, did not agree to a final settlement and release of USF&G's workers' compensation lien on the settlement proceeds.

Husband commenced this declaratory judgment action seeking a determination of his rights to a portion of the settlement based on loss of consortium. USF&G filed a motion to dismiss for lack of subject matter jurisdiction claiming that section 42-1-560 gave the Commission exclusive jurisdiction to determine the disbursement of Husband's portion of the third-party settlement. The trial judge granted USF&G's motion to dismiss on the ground that the circuit court lacked subject matter jurisdiction to decide Husband's claim. Husband appealed.

## II. *DISCUSSION*

Husband contends that the trial judge erred in holding that the Commission has exclusive jurisdiction to determine his share of a tort settlement obtained against a third party. We agree.

Section 42-1-560 provides:

(a) The right to compensation and other benefits under this Title shall not be affected by the fact that the injury or death is caused under circumstances creating a legal liability in some person, other than the employer or another person exempt from liability under § 42-1-540 to pay damages therefor, the person so liable being hereinafter referred to as the third party. The respective *rights and interests of the injured employee,* or, in the case of his death, his dependents and any person entitled to sue therefor, and of *the employer or person, association, corporation or carrier* liable for the payment of compensation and other benefits under this Title, hereinafter

---

[1]Section 42-1-560(e) provides:

The injured employee, or, in the event of his death, his dependents, and the carrier may, by agreement approved by the Industrial Commission, or in event of a settlement made during actual trial of the action against the third party, approved by the presiding judge at the trial, provide for distribution of the proceeds of any recovery in the action different from that prescribed by subsection (b) or (c) of this section.

called the "carrier," *in respect to the cause of action and the damages recovered shall be provided by this section.* [Emphasis added.]

The plain language of section 42-1-560 states that absent death of the employee, only the rights of the *employee* and the *"carrier"* to third-party claims are provided in this section. Nothing in this section addresses the rights of the employee's spouse with regard to a loss of consortium claim against a third party. This right belongs to the spouse and is separate and apart from the employee's and the carrier's right to claims against the third party. *Dionne v. Libbey-Owens Ford Co.*, 621 A. (2d) 414 (Me. 1993). Finding that section 42-1-560 does not grant the Commission jurisdiction over a spouse's loss of consortium claim against a third party, we hold that the trial judge erred in ruling that the circuit court lacked jurisdiction to determine Husband's portion of settlement proceeds based on his loss of consortium claim.

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.